[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR CLARIFICATION
The plaintiff has requested that the court clarify its decision with respect to the interpretation of the order of CT Page 3430 "Lump Sum Alimony as her share in the marital estate".
The question is whether the court intended to make a property distribution or an award of alimony, that is, a money judgment or a family support judgment.
The intent of the court was to award the plaintiff her share in the marital estate, that is, a division of property and, therefore, a money judgment under section 46b-31.
The reasons for the court's interpretation of its words are as follows:
1) The words after lump sum alimony are "her share in the marital estate."
2) The statement in the Memorandum of Decision at page 11 that "the plaintiff's claim here is not for periodic alimony but, rather, for a lump sum equitable distribution of the marital property."
3) In considering the factors necessary to make the determination in question the court included those required to be considered only for property division under 46b-81; to wit, the ability to acquire future assets and the contributions of each to the acquisition, preservation, and enhancement of the parties' estate.
4) The court ordered the defendant to obtain the shares of stock in his business and the mortgages on the property and pay the plaintiff the sum of $215,000.00 in order to discharge his obligation to pay "lump sum alimony as her share in the marital estate." And that sum the court ordered was to be paid sixty (60) days from the date of the judgment.
From all of these factors it is clear to the court that the purpose was to provide the plaintiff with a share in the estate of the parties as a distribution under 46b-81 and that, therefore, the judgment in question is a money judgment upon which interest may be paid and an execution may issue. See Blake v. Blake, 211 Conn. 485 at 499 (1989) and Connecticut General Statutes 52-350a(13), 52-350f.
It is so ordered.
DRISCOLL, MARGARET C. STATE TRIAL REFEREE CT Page 3431